[Docket No. 20]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| P.R.,[1]<br><br>       Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Case No. 1:20-cv-18808 (RMB)<br><br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**

Counsel Alan H. Polonsky moves for attorney's fees under Section 406(b) of the Social Security Act. 42 U.S.C. § 406(b). Plaintiff P.R. entered a contingency fee arraignment with Polonsky in exchange for representation in a Social Security benefits appeal. If the appeal was successful, Polonsky would receive twenty-five percent of any past due disability benefits the Commissioner of the Social Security Administration (the "Commissioner") awarded P.R. Polonsky secured a $64,125.00 award, twenty-five percent of which is $16,031.25. For the reasons set forth below, Polonsky's fee application is **GRANTED**.

---

[1] Due to the significant privacy concerns in Social Security cases, any non-governmental party is identified and referenced solely by initials in Social Security case opinions. *See* D.N.J. Standing Order 2021-10.

## I.    BACKGROUND

In the engagement letter between Polonsky and P.R., she agreed to pay Polonsky the greater of twenty-five percent of a past due disability benefits award or an Equal Access to Justice Act ("EAJA") award, 28 U.S.C. § 2412, as compensation for representing her.  [Docket No. 20-5.]  Polonsky filed P.R.'s Social Security appeal in this Court seeking to overturn the Commissioner's denial of Plaintiff's application for disability benefits.  [Docket No. 1.]  The Commissioner contested P.R.'s appeal. [Docket Nos. 9, 13.]  Through District Judge Robert Kugler, this Court sustained P.R.'s appeal and remanded to the agency for further action.  [Docket No. 15.] Polonsky and the Commissioner then stipulated to a $7,000.00 EAJA attorney's fee award, which Judge Kugler approved.  [Docket Nos. 18–19.]

On remand, an administrative law judge found Plaintiff disabled as of March 5, 2017, awarding her $64,125.00 in past due disability benefits.  [Docket Nos. 20-1 at 1; 20-4 at 1–2.]  The agency withheld $16,031.25 from P.R.'s award, which represents Polonsky's twenty-five percent contingency fee, as well as $29,785.00 to reimburse the Supplemental Security Income ("SSI") program for benefits P.R. received that she would not have been eligible for if she received Social Security Disability benefits. [Docket No. 20-4 at 2.]  Polonsky now seeks $16,031.25 based on his contingent-fee agreement with Plaintiff.  [Docket No. 20-5.]

Polonsky spent 33.15 hours on P.R.'s Social Security appeal.  [Docket Nos. 20-1 at 2; 20-8.]  Polonsky's typical hourly rate is $350.00 per hour, but he contends $16,031.25 is reasonable given the time spent on the appeal, the risk of non-recovery,

and the favorable result he obtained for Plaintiff before this Court and on remand. [Docket No. 20-1 at 2–3.] Polonsky adds the requested fee award is in line with those previously awarded by Courts in this and other Circuits. [*Id.* at 3 n.4 (collecting cases).] The Commissioner neither supports nor opposes Polonsky's Motion for Attorney's Fees. [Docket No. 22 at 2.]

## II.   STANDARD OF REVIEW

The Social Security Act allows contingency fee agreements between a Social Security claimant and their attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). By Section 406(b)'s plain terms, contingency fees beyond twenty-five percent of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

Although Congress permits contingency fee arrangements in Social Security appeals, courts must police those agreements to ensure they are reasonable. *Id.* ("[Section] 406(b) calls for court review of such arrangements as an independent

check, to assure that they yield reasonable results in particular cases."). In so doing, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Put differently, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* Contingency fees create effective hourly rates for attorneys by dividing the fee by number of hours worked, and this Court generally finds effective hourly rates are reasonable if they are less than or equal to twice the attorney's customary rate. *See, e.g.*, *Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349, at *2 (D.N.J. Dec. 19,

2017); *Kathleen G. v. Comm'r of Soc. Sec.*, 2025 WL 1456784, at \*2 (D.N.J. May 21, 2025) (collecting cases); *cf. Suydam v. Bisignan*, 2025 WL 2588965, at \*2 (D.N.J. Sept. 8, 2025) (reducing award to exactly twice counsel's customary hourly rate).

## III.   DISCUSSION

Against this backdrop, the Court turns to Polonsky's fee application. The Court considers first his relevant legal experience.   *See Leak*, 2017 WL 5513191, at \*1. Although Polonsky omitted a description of his experience in the briefing for the instant case, the Court is aware Polonsky has substantial experience handling Social Security matters, having represented hundreds of Social Security claimants in thousands of administrative proceedings since 1988. *M.L.R. v. Comm'r of Soc. Sec.*, 2026 WL 524016, at \*3 (D.N.J. Feb. 25, 2026).

Next, the Court considers Polonsky's hourly rate and the nature of the contingent fees sought. *Leak*, 2017 WL 5513191, at \*1.  Polonsky seeks $16,031.25 from Plaintiff's award, which constitutes twenty-five percent of the awards.  [Docket No. 20-1 at 1.]  Polonsky spent a total of 33.15 hours on P.R.'s Social Security appeals, which computes to an hourly rate of $483.59.  [*Id.* at 2.]  Courts in this District have found far greater effective hourly rates reasonable under the circumstances.  *See Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768, at \*1–\*2 (D.N.J. Feb. 6, 2024) ($1,056.34 per hour); *Mignone v. Comm'r of Soc. Sec.*, 2018 WL 259949, at \*2 (D.N.J. Jan. 2, 2018) ($850.14 per hour); *Gonzalez*, 2017 WL 6513349 at \*2–\*3 n.3 ($992.82 per hour).

This Court reviewed the briefs Polonsky filed on P.R.'s behalf seeking to overturn the Commissioner's decision denying her disability benefits. [Docket Nos. 10, 14.] Polonsky persuaded this Court to remand P.R.'s claims to the agency—and the agency reversed their prior decision, resulting in a total past due benefits award of $64,125.00 after years of litigation. [Docket No. 20-1.] Given these circumstances, the Court finds the sought-after contingent fee reasonable.

Moreover, there was a high risk of non-recovery. When Plaintiff filed her Social Security appeals, the Commissioner had an average award rate of about thirty-three percent. SOC. SEC. ADMIN., ANNUAL STATISTICAL REPORT ON THE SOCIAL SECURITY DISABILITY INSURANCE PROGRAM, 2020, at 160 (December 2025). In light of this figure, Plaintiff's recovery was far from certain. Further, there is no evidence before the Court that Polonsky caused any delay to increase his fees. In fact, based on the dockets, Polonsky acted promptly for his client, achieving a favorable result in this Court and before the agency on remand. And neither the Commissioner nor Plaintiff have objected to Polonsky's fee application.

The Court's only pause is the ratio of the *net* benefit P.R. received compared to Polonsky's legal fees. The Commissioner withheld $29,785.00 of P.R.'s award to reimburse the SSI program. [Docket No. 20-4 at 1.] Coupled with Polonsky's fees, the Commissioner withheld *seventy-one percent* of P.R.'s award, and Polonsky's fees equal *eighty-seven percent* of the net award P.R. received.

Despite the Court's concerns, that appears to be Congress's intent. The Third Circuit held in 1986 that attorney's fees awarded under § 406(b) should be calculated

on the net award a client receives—*i.e.*, the amount a client receives **after** any offset reimbursing the SSI program. *Wheeler v. Heckler*, 787 F.2d 101, 107–08 (3d Cir. 1986). But Congress amended § 406 to override *Wheeler* (and similar holdings in other circuits, *see, e.g.*, *Papas v. Bowen*, 863 F.2d 227, 231 (2d Cir. 1988)). *See* Floor Debate on Omnibus Budget Reconciliation Act of 1990, 136 Cong. Rec. S15777-02, S15898 (1990) ("PROTECTION OF ATTORNEY'S FEES FROM OFFSETTING SSI BENEFITS") (emphasis in original); *see also Dukes v. Comm'r of Soc. Sec.*, 1996 WL 164964, at *2–3 (E.D.N.Y. Mar. 27, 1996) (acknowledging Congress overturned *Papas*). Here, Congress's clear intent trumps this Courts' concerns.

Because of Polonsky's experience, standard hourly rate, labor expended, and risk of non-recovery, the Court finds his $16,031.25 requested fee is reasonable. *Cf. Curry v. Comm'r of Soc. Sec.*, 2023 WL 6533443, at *1–*2 (D.N.J. Oct. 6, 2023) (finding $30,735.75 fee reasonable where counsel certified to working a total of 28.7 hours in federal court). Because the Court grants his motion for fees under § 406(b) Polonsky, as he recognizes, must remit the $7,000.00 EAJA award he previously stipulated to with the Government. *Gisbrecht*, 535 U.S. at 796; [Docket No. 20-1 at 2].

## IV.    CONCLUSION

For the reasons above, and for good cause shown,

**IT IS**, on this **26th** day of **June 2026**, hereby:

7

1.   **ORDERED** that Counsel Alan H. Polonsky's Motion for Attorney's Fees under Section 406(b) of the Social Security Act, [Docket No. 20], is **GRANTED**; and it is further

2.   **ORDERED** that Counsel Alan H. Polonsky shall remit to P.R. the $7,000.00 awarded under the EAJA by this Court's previous order, [Docket No. 19]; and it is finally

3.   **ORDERED** that Counsel Alan H. Polonsky shall be awarded $16,031.25 from P.R.'s past due disability benefits award as his contracted attorney's fees.


**/s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

8